Lina Stillman, Esq.
Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.stillmanlegalpc.com
*Attorneys for Plaintiffs and Opt Ins*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ADOLFO BOROR, OTTONIEL ELIAS,
TOMAS SAQUIC, and VICENTE JACOBO,
*individually and on behalf of others similarly situated,*

Plaintiffs,

v.

MMC MASONRY GROUP LLC and
MICHAEL CIRINO, individually,

Defendants.

**Case No:**

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

Plaintiffs ADOLFO BOROR, OTTONIEL ELIAS, TOMAS SAQUIC, and VICENTE JACOBO (hereafter collectively referred to as "Plaintiffs") bring this Action on behalf of themselves and other similarly situated employees of MMC MASONRY GROUP LLC and MICHAEL CIRINO, who are joint employers (the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including 203(d) (defining "employer"), 203(g) (defining "employ"), and 207(a)(1) (requiring overtime compensation), and the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56 *et seq*. ("NJWHL"), and allege as follows:

**INTRODUCTION**

1. This action is brought by Plaintiffs, on behalf of themselves as well as other employees similarly situated, against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56 *et seq*. ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. This Complaint seeks to recover unpaid overtime compensation, unpaid wages, liquidated damages, civil penalties, prejudgment and post-judgment interest, and attorneys' fees and costs for Plaintiffs and all similarly situated employees.

3. Plaintiffs are former employees of Defendants MMC MASONRY GROUP LLC and its owner/operator MICHAEL CIRINO, who are joint employers, a New Jersey Limited Liability Company, with a principal place of business located at 958 State Rt 208, Hawthorne, NJ 07506, and were employed as masonry/construction workers for Defendants' company in New Jersey.

4. Plaintiff ADOLFO BOROR was employed from on or about August 2023 through on or about January 2026. Plaintiff OTTONIEL ELIAS was employed from on or about June 2024 through on or about October 2025. Plaintiff TOMAS SAQUIC was employed from on or about October 2025 through on or about January 2026. Plaintiff VICENTE JACOBO was employed from on or about April 2022 through on or about January 2026. Plaintiffs were not paid all wages owed to them, including unpaid regular wages and, overtime wages for all hours worked in excess of forty (40) hours per week.

5. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and the FLSA collective employees to work without providing them with proper compensation for all hours worked, without paying overtime compensation at time-and-a-half the regular rate, for hours worked in excess of forty (40) hours per week.

6. Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of failing to pay its employees, including Plaintiffs, proper wages and overtime compensation for all hours worked over forty (40) each workweek.

7. Accordingly, Plaintiffs now bring this Action on behalf of themselves and those other similarly situated individuals for federal and state claims relating to unpaid wages, unpaid overtime wages, failure to maintain accurate time and payroll records, failure to provide wage notices and wage statements, and failure to post required workplace notices pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the NJWHL, N.J.S.A. §34:11-56 *et seq.*

8. Plaintiffs allege pursuant to the FLSA that they are entitled to recover from the Defendants: (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages equal to the amount of unpaid wages and overtime, (4) prejudgment and post-judgment interest, and (5) attorneys' fees and costs.

9. By reason of such willful violations, Plaintiffs assert they are entitled to recover from the Defendants (1) unpaid wages, (2) unpaid overtime wages, (3) liquidated damages equal to 200% of unpaid wages under NJWHL and equal to 100% of unpaid wages under FLSA, (4) prejudgment and post-judgment interest, (5) civil penalties as provided under NJWHL, and (6) attorneys' fees and costs, pursuant to the FLSA and NJWHL.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

### Plaintiffs

12. Plaintiff ADOLFO BOROR is and was at all times relevant hereto an individual residing in West New York, New Jersey.

13. Plaintiff ADOLFO BOROR was employed by Defendants at their company located at 958 State Route 208, Hawthorne, NJ 07506, from on or about August 2023 until on or about January 2026, as a masonry/construction worker.

14. At all times relevant hereto, Plaintiff BOROR was a covered employee within the meaning of the FLSA and the NJWHL.

15. Plaintiff OTTONIEL ELIAS is and was at all times relevant hereto an individual residing in North Bergen, New Jersey.

16. Plaintiff OTTONIEL ELIAS was employed by Defendants at their company located at 958 State Route 208, Hawthorne, NJ 07506, from on or about June 2024 until on or about October 2025, as a masonry/construction worker.

17. At all times relevant hereto, Plaintiff ELIAS was a covered employee within the meaning of the FLSA and the NJWHL.

18. Plaintiff TOMAS SAQUIC is and was at all times relevant hereto an individual residing in Ridgefield, New Jersey.

19. Plaintiff TOMAS SAQUIC was employed by Defendants at their company located at 958 State Rt 208, Hawthorne, NJ 07506, from on or about October 2025 until January 2026, as a masonry/construction worker.

20. At all times relevant hereto, Plaintiff SAQUIC was a covered employee within the meaning of the FLSA and the NJWHL.

21. Plaintiff VICENTE JACOBO is and was at all times relevant hereto an individual residing in North Bergen, New Jersey.

22. Plaintiff VICENTE JACOBO was employed by Defendants at their company located at 958 State Rt 208, Hawthorne, NJ 07506, from on or about April 2022 until January 2026, as a masonry/construction worker.

23. At all times relevant hereto, Plaintiff JACOBO was a covered employee within the meaning of the FLSA and the NJWHL.

**Defendants**

24. Defendant MMC MASONRY GROUP LLC is, upon information and belief, a duly organized New Jersey limited liability company organized under the laws of the State of New Jersey with a principal address at 958 State Rt 208, Hawthorne, NJ 07506.

25. Upon information and belief, Defendant MMC MASONRY GROUP LLC is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines, and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for each year relevant to Plaintiffs' claims.

26. Upon information and belief, and at all times relevant to the claims herein, Defendant MMC MASONRY GROUP LLC determined the wages and compensation of the employees of Defendants, including Plaintiffs; established work schedules and workload of the employees; maintained employee records; and had the authority to hire and fire employees.

27. Defendant MICHAEL CIRINO is, upon information and belief, an individual who, at all relevant times, was the owner and/or operator of MMC MASONRY GROUP LLC. Defendant CIRINO exercised control over the terms and conditions of employment of Plaintiffs and other similarly situated employees, including the authority to hire and fire, set wages, supervise work schedules, and determine methods of payment. Defendant CIRINO is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NJWHL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring this action individually and on behalf of all other current and former non-exempt construction workers who have been or were employed by the Defendants during the last three (3) years prior to the filing of this Complaint through the entry of judgment in this case (the "Collective Action Period") and who (1) have not been compensated at the overtime rate of time-and-a-half their regular rate for all hours worked in excess of forty (40) hours per week, and/or (2) were not paid for all hours worked (the "Collective Action Members").

29. With respect to their NJWHL claims, Plaintiffs assert the same pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case who (1) were not compensated at the overtime rate of time-and-a-half their regular rate for all hours worked in excess of forty (40) hours per week, and/or

(2) were not paid for all hours worked, and/or (3) were not provided with required wage notices and wage statements (the "Class Period").

30. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class and Collective Action Members are collectively referred to as "Plaintiffs and Class Members" or "Plaintiffs and Collective Members" where appropriate.

31. The Class members, numbers, and identities, are readily ascertainable and may be determined from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from the Defendants' records or, to the extent Defendants failed to maintain such records as required by 29 U.S.C. 211(c) and N.J.S.A. 34:11-4.7, through testimony of the employees and reasonable inferences. For purposes of notice and other purposes related to this action, their names and last known addresses and contact information are readily available from Defendants' payroll records, tax records, and employment files. Notice can be provided by means permissible under Fed. R. Civ. P. 23 for the class action claims and through methods approved by the Court for the FLSA collective action claims, including by mail, email, text message, and posting at Defendants' workplace.

**Numerosity**

32. The Collective Action Members and Class are so numerous that joinder of all members is impracticable. Upon information and belief, Defendants employed at least fifty (50) similarly situated construction workers during the Collective Action Period and Class Period who were subject to Defendants' unlawful wage policies and practices. The exact number and identities of the Collective Action Members and Class are unknown to Plaintiffs at this time but are known to Defendants and can be determined from Defendants' records.
The proposed Class is so numerous that the joinder of all members is impracticable, and disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, there are at least forty (40) members of the class, and likely significantly more based on Defendants' scope of operations.

**Commonality**

33. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed the Plaintiffs and the Class within the meaning of the NJWHL and the FLSA;

b. Whether the Plaintiffs and Class members were entitled to overtime compensation under the FLSA and NJWHL and whether Defendants paid such overtime compensation;

c. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Rule 23 Class's start of employment as required by N.J.S.A. 34:11-4.7;

d. Whether Defendants failed to pay Class members at the proper rate, including overtime at time-and-a-half the regular rate as required by the FLSA and NJWHL;

**Typicality**

34. Plaintiffs' claims are typical of the claims of all Class members, and the relief sought by Plaintiffs is typical of the relief sought by all Class members. All Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay proper wages and overtime compensation. Defendants' uniform policies and practices affected all Class members identically, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

35. Plaintiffs will fairly and adequately protect the interests of the Class, have no interests antagonistic to any Class member, and are committed to vigorously prosecuting this action on behalf of the Class. Plaintiffs are represented by counsel who are highly experienced in successfully prosecuting class actions and collective actions under the FLSA and NJWHL, have extensive knowledge of federal and New Jersey wage and hour law, and have the resources necessary to litigate this action through trial and any appeals.

**Superiority**

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the cost of individual litigation would likely exceed the individual recovery of many Class members, and because individual Class members lack the financial resources to retain counsel and bear litigation costs, the expenses and burden of individual litigation would make it impracticable or impossible for individual Class members to vindicate their rights. The class action mechanism is therefore essential to ensuring access to justice for these workers.

37. Defendants violated the NJWHL as alleged herein. Current employees may be reluctant to assert their rights due to fear of retaliation, and former employees may be concerned about the impact on future employment opportunities in the construction industry where Defendants may have influence or connections. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

38. Plaintiffs consent in writing to being named parties herein pursuant to 29 U.S.C. § 216(b), and bring these FLSA claims as representative parties on behalf of themselves and all other similarly situated individuals who opt in to this collective action under 29 U.S.C. § 216(b).

## COMMON FACTUAL ALLEGATIONS

**Defendants Constitute Joint Employers**

39. At all relevant times, Defendant MMC MASONRY GROUP LLC was a corporate entity principally engaged in the masonry and construction industry. Defendant MICHAEL CIRINO owned and operated MMC MASONRY GROUP LLC, possessed operational control over the corporate entity, and controlled significant functions including hiring, firing, wage-setting, and supervision of employees, thereby qualifying as an employer under both the FLSA and New Jersey law.

40. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and the other class member employees by engaging in a pattern and policy of violating the FLSA and NJWHL. This pattern and policy includes the following:

    a. failing to pay employees their full straight-time wages for all hours worked;

    b. failing to pay employees any overtime premium whatsoever for all time worked in excess of forty (40) hours per week, despite having knowledge that employees regularly worked such overtime hours;

    c. failing to keep accurate records of hours worked and wages paid, as required by 29 U.S.C. 211(c) and N.J.S.A. 34:11-4.7;

41. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation owed under federal and state law. The Defendants' unlawful conduct has been intentional, willful, and in bad faith, demonstrating knowing or reckless disregard of whether their conduct violated the FLSA and New Jersey Wage and Hour Law, and has caused significant damage to the Plaintiffs and the other class members.

42. Defendant MICHAEL CIRINO acted in the interest of Defendant MMC MASONRY GROUP LLC with respect to its employees, controlled the rate of and method by which employee compensation was paid, and shared joint control over their employees, thereby qualifying as an employer under both the FLSA and New Jersey Wage and Hour Law.

43. At all relevant times, Defendants possessed substantial control over Plaintiffs' and other similarly situated employees' working conditions, including work schedules, job assignments, and supervision, and over the policies and practices with respect to the employment and compensation of Plaintiffs and all similarly situated individuals, including the authority to hire, fire, and set wage rates.

44. Defendants employed Plaintiffs and all similarly situated individuals and are Plaintiffs' and all similarly situated individuals' employers within the meaning of the FLSA, 29 U.S.C. 203(d) and (g), and the NJWHL, N.J.S.A. 34:11-56a2.

45. Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

46. At all times relevant hereto, Defendants were the Plaintiffs' employers within the meaning of the FLSA, NJWHL, and other applicable laws. Such Defendants had the authority and power to hire and fire Plaintiffs, and other similarly situated employees, control the terms and conditions of their employment, including work assignments and hours, and determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, the Defendants supervised the Plaintiffs' work schedules and conditions of their employment.

47. Defendants are aware of and by law charged with the knowledge that under the FLSA, Defendants are required to pay employees performing non-exempt duties, including Plaintiffs and the other class members, overtime pay at one-and-one-half the regular rate for work in excess of forty (40) hours per work week.

48. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully owed wages, including at least the lawfully required overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek, as required by 29 U.S.C. 207(a)(1) and N.J.S.A. 34:11-56a4.

49. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

## INDIVIDUAL PLAINTIFF ALLEGATIONS

### Plaintiff ADOLFO BOROR

50. From on or about August 2023 until January 2026, Plaintiff BOROR was employed by Defendants to work as a masonry/construction worker at MMC MASONRY GROUP LLC, located at 958 State Rt 208, Hawthorne, NJ 07506. Plaintiff BOROR's duties included non-exempt manual labor and he was not paid on a salary basis.

51. Plaintiff BOROR worked at least forty (40) hours per week. During certain periods, including from approximately June 2024 through July 2024, Plaintiff BOROR worked at least fifty-eight (58) hours per week.

52. At all relevant times, Defendants did not possess a time clock or any other system to record, document, and memorialize Plaintiff BOROR's work hours, and Plaintiff was not required to record his hours of work otherwise, in violation of 29 U.S.C. 211(c) and N.J.S.A. 34:11-4.7.

53. Plaintiff BOROR was paid at various rates during his employment, including approximately $18.75 per hour from August 2023 through September 2023, approximately $37.00 per hour from October 2023 through October 2024, and approximately $30.00 per hour from November 2024 through January 2026. Defendants failed to pay Plaintiff BOROR for all hours worked. The total amount of unpaid wages owed to Plaintiff BOROR is at least $14,595.00, subject to increase upon further discovery and investigation.

54. Defendants paid Plaintiff BOROR no overtime premium whatsoever for the hours he worked beyond forty (40) hours per week, despite having actual knowledge through their supervisory oversight that he regularly worked in excess of forty (40) hours per week.

55. Defendants did not provide Plaintiff BOROR with each payment of wages an accurate statement of wages, in violation of N.J.S.A. 34:11-4.7, and never provided Plaintiff BOROR with written notice at the time of hiring of his rate of pay, employer's regular payday, and such other information as required by N.J.S.A. 34:11-4.7, which failure was designed to prevent Plaintiff BOROR from understanding his wage rights and detecting underpayment.

**Plaintiff OTTONIEL ELIAS**

56. From on or about June 2024 until October 2025, Plaintiff ELIAS was employed by Defendants to work as a masonry/construction worker at MMC MASONRY GROUP LLC, located at 958 State Rt 208, Hawthorne, NJ 07506.

57. Plaintiff ELIAS worked at least forty (40) hours per week. During certain periods, including from approximately June 2024 through July 2024, Plaintiff ELIAS worked at least fifty-eight (58) hours per week.

58. At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff ELIAS's work hours, and Plaintiff was not required to record his hours of work otherwise.

59. Plaintiff ELIAS was paid at a rate of approximately $48.00 to $48.60 per hour. Defendants failed to pay Plaintiff ELIAS for all hours worked, including failing to pay for at least 211 hours of work. The total amount of unpaid wages owed to Plaintiff ELIAS is at least $11,880.00, subject to increase upon further discovery and investigation.

60. Defendants never paid Plaintiff ELIAS overtime for those hours he worked beyond forty (40) hours per week during the periods when he worked in excess of forty (40) hours.

61. Defendants did not provide Plaintiff ELIAS with each payment of wages an accurate statement of wages and never provided Plaintiff ELIAS with written notice of his rate of pay, employer's regular payday, and such other information as required.

**Plaintiff TOMAS SAQUIC**

62. From on or about October 2025 until on or about January 2026, Plaintiff SAQUIC was employed by Defendants MMC MASONRY GROUP LLC and MICHAEL CIRINO to work as a masonry/construction worker at MMC MASONRY GROUP LLC, located at 958 State Rt 208, Hawthorne, NJ 07506.

63. Plaintiff SAQUIC worked at least forty (40) hours per week throughout his employment, and during certain periods worked in excess of forty (40) hours per week.

64. At all relevant times, Defendants failed to maintain accurate records of Plaintiff SAQUIC's work hours as required by 29 U.S.C. 211(c) and N.J.S.A. 34:11-4.7, did not

provide or require use of a time clock to record hours worked, and did not require or provide any other method for Plaintiff to document his hours of work, thereby violating federal and state recordkeeping requirements.

65. Plaintiff SAQUIC was paid at a rate of $22.50 per hour. Defendants willfully failed to pay Plaintiff SAQUIC for all hours worked, despite having knowledge of the hours worked and the legal obligation to pay wages for all time worked. The total amount of unpaid wages owed to Plaintiff SAQUIC is at least $2,300.00, subject to increase upon further discovery and investigation.

66. Defendants willfully failed to provide Plaintiff SAQUIC with an accurate statement of wages with each payment as required by N.J.S.A. 34:11-4.7, and willfully failed to provide Plaintiff SAQUIC with written notice at the time of hiring of his rate of pay, the employer's regular payday, and all other information required by N.J.S.A. 34:11-4.7, with the deliberate intent to prevent Plaintiff SAQUIC from understanding his wage rights and from detecting Defendants' systematic underpayment and non-payment of wages.

**Plaintiff VICENTE JACOBO**

67. From on or about April 2022 until on or about January 2026, Plaintiff JACOBO was employed by Defendants MMC MASONRY GROUP LLC and MICHAEL CIRINO to work as a masonry/construction worker at MMC MASONRY GROUP LLC, located at 958 State Rt 208, Hawthorne, NJ 07506. Plaintiff JACOBO's duties included laying blocks, bricks, cement, and building walls. Plaintiff JACOBO performed non-exempt manual labor duties, was paid on an hourly basis, and was not paid any salary, and therefore was entitled to overtime compensation under federal and state law.

68. Plaintiff JACOBO worked Monday through Friday, from approximately 7:00 A.M. to 3:30 P.M., with a 30-minute break. Plaintiff JACOBO sometimes worked Saturdays. Plaintiff JACOBO worked at least forty (40) hours per week. During certain periods, including from June 2024 through July 2024, Plaintiff JACOBO worked at least fifty-eight (58) hours per week, resulting in at least eighteen (18) hours of overtime per week during this period for which Defendants willfully failed to pay any overtime premium whatsoever, despite having actual knowledge through the text messages that Plaintiff JACOBO was working these overtime hours.

69. At all relevant times, Defendants did not possess a time clock in order to record, document, and memorialize Plaintiff JACOBO's work hours. Plaintiff JACOBO tracked his hours by sending text messages to his supervisor each Thursday with his hours. Defendants received these text messages and were therefore on actual notice of all hours worked by Plaintiff JACOBO, including all overtime hours.

70. Plaintiff JACOBO was paid at the following regular rates during his employment: $25.00 per hour from April 2022 through March 2024, and $48.00 to $48.60 per hour from April 2024 through January 2026. Defendants willfully failed to pay Plaintiff JACOBO for all hours worked. Plaintiff JACOBO is owed at least $26,544.00 in unpaid wages, subject to increase based on discovery of Defendants' records, which amount includes but is not limited to: (i) at least 418 hours of unpaid work at $35.00 per hour (at least $14,630); (ii)

at least three weeks of unpaid work at $25.00 per hour (at least $3,000); and (iii) additional unpaid wages in the amount of at least $8,914.00 for work performed but not compensated. The exact amount of unpaid wages will be established through discovery of Defendants' business records, banking records, and testimony, with Plaintiff JACOBO reserving the right to amend these amounts based on information obtained through discovery.

71. Defendants maintained a systematic dual payment scheme whereby they paid Plaintiff JACOBO by check only when working on prevailing wage government projects where payment documentation was legally mandated, but otherwise paid exclusively in cash without providing any wage statements or documentation required by 29 U.S.C. 211(c) and N.J.S.A. 34:11-4.7. This dual payment system demonstrates Defendants' sophisticated knowledge of their legal obligations and their willful and deliberate choice to evade recordkeeping and wage payment requirements, constituting powerful evidence of willfulness under 29 U.S.C. 255(a) and supporting enhanced damages under N.J.S.A. 34:11-56a25.3.

72. Defendants never paid Plaintiff JACOBO any overtime compensation whatsoever at the rate of one and one-half times his regular rate of pay for hours worked beyond forty (40) hours per week, despite having actual knowledge through the weekly text messages from Plaintiff JACOBO documenting his hours that he regularly and consistently worked in excess of forty (40) hours per week, and despite knowing that federal law under 29 U.S.C. 207(a)(1) and state law under N.J.S.A. 34:11-56a4 required payment of overtime compensation at one and one-half times the regular rate for all such hours.

73. Defendants did not provide Plaintiff JACOBO with an accurate statement of wages with each payment of wages and never provided Plaintiff JACOBO with written notice of his rate of pay, employer’s regular payday, and such other information as required by N.J.S.A. 34:11-4.7.

74. Plaintiff JACOBO was constructively discharged and forced to resign his employment because Defendants systematically paid late, paid insufficiently, and during certain weeks failed to pay wages at all, rendering continued employment untenable. Defendants' pattern of wage theft constituted a material breach of the employment relationship and violated Plaintiff JACOBO's rights under federal and state wage and hour laws.

## DEFENDANTS’ GENERAL EMPLOYMENT PRACTICES

75. As part of their regular business practices, Defendants required Plaintiffs to work in excess of forty (40) hours per week without paying Plaintiffs the proper wages for all hours worked and without paying overtime compensation at time and one-half for all hours worked in excess of forty (40) hours per week as required by federal and state law.

76. By employing this practice, Defendants avoided paying Plaintiffs their full straight-time wages for all hours worked and avoided paying any overtime compensation at the overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, thereby misappropriating wages owed to Plaintiffs under federal and state law.

77. Defendants willfully failed to post the statutorily required wage and hour posters as mandated by 29 U.S.C. 516 and N.J.S.A. 34:11-4.8, and willfully failed to provide Plaintiffs with statutorily required wage and hour records or statements of pay received as required by N.J.S.A. 34:11-4.7, with the deliberate intent to conceal Defendants' systematic violations of federal and state wage and hour laws and to exploit Plaintiffs' limited knowledge of their legal rights under U.S. employment law.

78. These practices by Defendants were done willfully and with reckless disregard for Plaintiffs' rights under federal and state law to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for (1) their full hours worked, (2) overtime compensation at time and one-half for all hours over forty per week, and (3) all other wages due and owing under law.

79. Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage; the regular payday designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, a mailing address if different; and the telephone number of the employer, as required by N.J.S.A. 34:11-4.7. This failure was willful and designed to prevent Plaintiffs from understanding their wage rights and from detecting Defendants' systematic underpayment and non-payment of wages.

## STATEMENT OF CLAIMS

### COUNT I.

**[Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of Plaintiffs and the FLSA Collective]**

80. Plaintiffs on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

81. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

82. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

83. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed. 29 U.S.C. 207(a)(1).

84. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

85. Defendants' failure to pay Plaintiffs and the FLSA Collective their overtime pay violated the FLSA.

86. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to the Plaintiffs and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

87. The FLSA and supporting regulations require employers to make, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment. 29 C.F.R. §516.2.

88. Defendants willfully failed to provide Plaintiffs and FLSA Collective Members with the notices required by 29 U.S.C. 211(c) and 29 C.F.R. 516.4, and failed to post the Fair Labor Standards Act poster as required by 29 C.F.R. 516.4, with the deliberate intent to prevent Plaintiffs and FLSA Collective Members from learning of their rights to minimum wage and overtime compensation and to facilitate Defendants' systematic wage theft.

89. Throughout the relevant time period, Plaintiffs and the FLSA Collective Members regularly and consistently worked in excess of forty (40) hours per workweek, and Defendants knew that Plaintiffs and FLSA Collective Members were working such overtime hours.

90. At all relevant times throughout their employment, Defendants operated under a policy and practice of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Members any overtime compensation at one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, despite knowing that Plaintiffs and the FLSA Collective Members were entitled to receive such overtime payments under federal law, all in willful violation of 29 U.S.C. 207(a)(1) and 29 U.S.C. 215(a).

91. At all relevant times throughout Plaintiffs' and the FLSA Collective Members' employment, Defendants willfully, regularly, and repeatedly failed to pay any overtime compensation at the required overtime rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per workweek, thereby misappropriating wages owed to Plaintiffs and FLSA Collective Members under 29 U.S.C. 207(a)(1).

92. Defendants' complete failure to pay Plaintiffs and FLSA Collective Members any overtime compensation was willful within the meaning of 29 U.S.C. 255(a), as

demonstrated by Defendants' knowledge of the FLSA's requirements, their systematic failure to maintain required time records, their use of cash payments to avoid documentation, their failure to provide required wage notices, and their pattern of paying by check only when legally required for government prevailing wage projects.

93. Defendants, in willful violation of the FLSA, failed to pay Plaintiffs and FLSA Collective Members all straight-time wages due for all hours worked and failed to pay any overtime compensation at one and one-half times the regular rate for hours worked in excess of forty (40) per week, by virtue of their systematic policies and practices of paying cash without documentation, failing to maintain accurate time records, and failing to provide required wage statements as described herein.

94. Defendants acted willfully within the meaning of 29 U.S.C. 255(a) in their violations of the FLSA's requirements as to Plaintiffs and all FLSA Collective Members, as demonstrated by Defendants' knowledge that the FLSA required payment of overtime compensation, their reckless disregard for their obligations under the FLSA, and their systematic practices designed to avoid compliance with federal wage and hour laws.

95. Plaintiffs and the FLSA Collective Members seek damages in the amount of their unpaid overtime compensation, liquidated damages in an amount equal to the unpaid overtime compensation as provided by 29 U.S.C. 216(b), reasonable attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**COUNT II.**

**[Violation of New Jersey Labor Law—Overtime Pay**
**Brought on behalf of Plaintiffs and Rule 23 Class]**

96. Plaintiffs on behalf of themselves and the other similarly situated class members, re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

97. At all relevant times, Defendants had a policy and practice of refusing to pay any overtime compensation to Plaintiffs and the Rule 23 Class at one and one-half times their regular hourly rate as required by N.J.S.A. 34:11-56a4.

98. Defendants' failure to pay Plaintiffs was not in good faith.

99. By reason of Defendants' failure to pay Plaintiffs and the Rule 23 Class members overtime compensation, Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, liquidated damages equal to 200% of the unpaid wages pursuant to N.J.S.A. 34:11-56a25.3, reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-56a25.4, and such other relief as the Court deems appropriate pursuant to the New Jersey Wage and Hour Law, N.J.S.A. §§34:11-56a *et seq.*

**COUNT III.**

**[Violation of New Jersey Wage Payment Law
Brought on behalf of Plaintiffs]**

100. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs as though fully set forth herein.

101. Defendants willfully and knowingly failed to pay Plaintiffs all wages due and owing for all hours worked, including but not limited to (a) straight-time wages for certain hours worked, and (b) any overtime premium compensation, in violation of the New Jersey Wage Payment Law, N.J.S.A. §34:11-4.1 et seq., and constituting wage theft under N.J.S.A. 34:11-4.1.

102. Due to Defendants' violations of the New Jersey Wage Payment Law, Plaintiffs are entitled to recover from Defendants: (1) all unpaid wages due and owing; (2) liquidated damages pursuant to N.J.S.A. 34:11-4.1(e), which provides for damages equal to the amount of unpaid wages plus an additional equal amount as liquidated damages; (3) civil penalties pursuant to N.J.S.A. 34:11-4.10; (4) prejudgment interest; (5) reasonable attorneys' fees and costs pursuant to N.J.S.A. 34:11-4.1(e); and (6) such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

Authorizing the Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the three years preceding the filing of this Complaint through the date of issuance of court-supervised notice, employed by Defendants as non-exempt employees. Such notice shall inform them that this collective action has been filed, of the nature of the action, of their right to opt in to this lawsuit pursuant to 29 U.S.C. 216(b) if they believe they were denied straight-time wages for all hours worked and/or overtime premium compensation at time-and-a-half their regular rate for hours worked in excess of 40 per week;

a) Certification of this case as a collective action pursuant to FLSA;

b) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated FLSA Collective Members as defined in this Complaint, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b), and appointing the Plaintiffs and their counsel to represent the FLSA Collective Members;

c) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

d) An injunction against Defendants, their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e) An award of unpaid wages and unpaid overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

f) An award of liquidated damages equal to the amount of unpaid wages and unpaid overtime compensation as a result of Defendants' knowing and willful violations, pursuant to 29 U.S.C. 216(b);

g) An award of liquidated damages of up to 200% of unpaid wages and unpaid overtime compensation, plus civil penalties pursuant to N.J.S.A. 34:11-56a25.3, as a result of Defendants' willful violations of the NJWHL;

h) An award of costs and expenses of this action together with reasonable attorneys' fees and expert witness fees pursuant to 29 U.S.C. §216(b) and N.J.S.A. 34:11-56a25.4;

i) The cost and disbursements of this action;

j) An award of prejudgment and post-judgment interest; and

k) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: February 24, 2026

By: Lina Stillman

Lina Stillman

**STILLMAN LEGAL P.C.**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417

*Attorneys for Plaintiffs*